# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO

Civil Action No. 18-cv-00826-NYW

JOHNY WALKER,

    Plaintiff,

v.

KELLY AMLING, individually,
JEFF MAYERS, individually, and
CITY OF LOVELAND,

    Defendants.

## MEMORANDUM OPINION AND ORDER

Magistrate Judge Nina Y. Wang

This matter comes before the court on Defendants' Motion to Dismiss ("the Motion") filed by Defendants Kelly Amling, Jeff Mayers, and the City of Loveland ("Officer Amling," "Officer Mayers," and "the City," respectively; "Defendants" collectively) [#27, filed July 20, 2018]. The undersigned Magistrate Judge fully presides over this case pursuant to the parties' consent [#19] and the Order of Reference dated June 26, 2018 [#21]. Plaintiff Johny Walker ("Mr. Walker" or "Plaintiff") responded in a one-page letter to the court filed November 23, 2018.[1] [#49]. Defendants filed a Reply on December 7 [#51], and the matter is now fully briefed. For the reasons stated in this Memorandum Opinion and Order, the Motion is **GRANTED**.

---

[1] The court declines to adopt Defendants' argument that Mr. Walker's letter does not constitute a Response [#51 at 1–2] because it is non-substantive and not labelled as such. The letter clearly indicates Mr. Walker's opposition on the Motion, and this court construes it liberally as it must given Plaintiff's *pro se* status.

## BACKGROUND

Mr. Walker filed this case *pro se* on April 9, 2018, asserting claims against Officers Amling and Mayers and a third officer no longer a party to this case. *See generally* [#1]. The City of Loveland was not named in this initial complaint. [*Id.*]. Because Mr. Walker was *pro se* and did not pay the initial filing fee, the Complaint underwent an initial screening under Local Rule 8.1(a). In this process, the then-presiding judge, the Honorable Gordon P. Gallagher, ordered Plaintiff to file an Amended Complaint, which he did on May 2, 2018. [#4]. This Amended Complaint was filed concurrently with the entry of appearance of counsel for Mr. Walker who also paid his filing fee shortly thereafter. [#5; #7]. Because Mr. Walker was proceeding with counsel and not *in forma pauperis*, the case was drawn to a presiding judge with the Amended Complaint as the operative complaint. [#8].

The Amended Complaint asserts claims arising from a nighttime traffic stop on April 9, 2016 in Loveland, Colorado. [#4 at ¶ 2]. Officers stopped Mr. Walker on suspicion of speeding and driving while intoxicated. [*Id.*]. In the process of pulling over, Mr. Walker urinated on himself due in part to his use of blood pressure medication, which increases the frequency and urgency of urination, and in part due to his nervousness as a black man being pulled over in the dark. [*Id.* at ¶¶ 15–16]. Officer Newbanks, originally named as a defendant but since dismissed, inquired whether Mr. Walker had been drinking, to which Mr. Walker replied affirmatively but indicated that it was only a "sip" of beer. [*Id.* at ¶ 18]. Officer Newbanks did not smell alcohol from Mr. Walker or the vehicle. [*Id.* at ¶ 19]. Shortly thereafter Officer Newbanks left and a "DUI officer," Officer Mayers, and Officer Amling arrived at the scene. [*Id.* at ¶¶ 21–23]. Mr. Walker was ordered out of his vehicle. [*Id.* at ¶ 24].

Once out of his vehicle Mr. Walker explained that he was headed home to use the restroom and requested permission to urinate by the side of the road, to which the Officers on-scene agreed. [*Id.* at ¶¶ 25–27]. While relieving himself, Mr. Walker noticed the Officers searching his vehicle without permission. [*Id.* at ¶ 28]. When Mr. Walker returned, he began a field sobriety test, but the situation quickly deteriorated. Officers placed Mr. Walker under arrest, forced him to the ground, and repeatedly struck Mr. Walker as he protested that he was not resisting. [*Id.* at ¶¶ 30–49]. More officers arrived on scene. [*Id.* at ¶ 52].

Mr. Walker was placed in the back of a police cruiser and complained that his handcuffs were too tight, and in response, Officer Mayers slammed Mr. Walker's head into the back of the barrier dividing the rear passenger area from the front driver's area. [*Id.* at ¶¶ 55–58]. Mr. Walker was transported to the police station where a breathalyzer test indicated a blood alcohol level well below the legal limit. [*Id.* at ¶ 62]. Mr. Walker eventually pleaded guilty to Noise Disturbance, *id.* at ¶ 64, and initiated this lawsuit on April 9, 2018, exactly two years after the incident. The original Complaint asserted one claim, a § 1983 claim for excessive force against Officers Newbanks, Amling, and Mayers. [#1 at 3].

Following Judge Gallagher's order dated April 10, 2018 [#3], Mr. Walker filed his Amended Complaint through counsel, adding the City of Loveland as a defendant for the first time, on May 2, 2018, two years and twenty-two days after the traffic stop. The Amended Complaint is much more detailed and asserts two claims: (1) a § 1983 claim for excessive force based on violations of Mr. Walker's Fourth and Fourteenth Amendment rights asserted against Officers Amling and Mayers [#4 at ¶¶ 75–96]; and (2) a § 1983 claim against the City of Loveland

for maintaining constitutionally deficient policies, practices, and/or customs regarding officer conduct which resulted in Mr. Walker's injuries [*id.* at ¶¶ 97–114].

Defendants filed the Motion to Dismiss on July 20, 2018, arguing that Mr. Walker's claim against the City of Loveland is barred by the statute of limitations because the Amended Complaint does not relate back to the filing of the original Complaint, which was filed on the last day of the limitations period. [#27 at 4]. Defendants further argue that the claim against the City must be dismissed because it is inadequately pled. [*Id.* at 11–14]. The Motion also argues that the Fourteenth Amendment claim should be dismissed because the Fourth Amendment is the proper, exclusive basis for excessive force claims against an arrestee. [*Id.* at 16]. Mr. Walker received an extension of time in which to file his Response until August 20, 2018. [#34]. Four days after that deadline passed without either a Response or an explanation, Mr. Walker's attorney sought leave to withdraw. [#35]. The court scheduled a hearing on the motion to withdraw because it would leave Mr. Walker without counsel, and after a further extension granted to accommodate said counsel, that hearing was held on September 5, 2018. [#42].

The court granted Mr. Walker's counsel leave to withdraw and stayed the case for thirty days to permit Mr. Walker to retain new counsel. Mr. Walker sought, and this court granted, a further thirty-day extension, until late October, to find a new attorney. [#44; #45]. Mr. Walker eventually indicated that he would proceed without an attorney and filed, on November 23, a one-page letter to the court informing the court that the Motion to Dismiss [#27] was opposed, but making no substantive argument. [#49]. Defendants filed a Reply on December 7 [#51].

## LEGAL STANDARD

I. **Rule 12(b)(6).**

Rule 12(b)(6) states that a court may dismiss a complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). To state a claim, a complaint must contain factual allegations that, when taken as true, establish a claim for relief that is plausible on its face. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Plausibility is distinct from, and more demanding than, mere conceivability. *Khalik v. United Air Lines*, 671 F.3d 1188, 1190 (10th Cir. 2012).

When reviewing a motion to dismiss under Rule 12(b)(6), a court accepts as true all well-pleaded factual allegations and views those allegations in the light most favorable to the plaintiff. *Sec. & Exch. Comm'n v. Shields*, 744 F.3d 633, 640 (10th Cir. 2014). Legal conclusions, whether presented as such or masquerading as factual allegations, are not afforded such deference. *Dahn v. Amedei*, 867 F.3d 1178, 1185 (10th Cir. 2017). An unadorned, conclusory recitation of the elements of the cause of action does not meet this standard. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

    A. **Accrual and Statute of Limitations under § 1983.**

Causes of action relating to excessive force used in an arrest arise at the time of the arrest. *See Beck v. City of Muskogee Police Dep't*, 195 F.3d 553, 558 (10th Cir. 1999). There is no federal statute of limitations for § 1983 claims, and courts typically apply the relevant state statute of limitations for personal injury actions unless there are numerous potential statutes of limitations and the state has a residual provision. *Laurino v. Tate*, 220 F.3d 1213, 1217 (10th Cir. 2000). Colorado has such a residual catch-all statute of limitations, section 13-80-102(1)(i), which provides a generally applicable two-year statute of limitations for federal actions without a defined

limitations period. *See Canfield v. Douglas Cty.*, 619 F. App'x 774, 777 (10th Cir. 2015); *Blake v. Dickason*, 997 F.2d 749, 750–51 (10th Cir. 1993) (adopting catch-all limitations period in § 13-80-102(1)(i) for § 1983 actions). This court follows *Blake* and applies the two-year limitations period.

> B. **Relation Back under Rule 15**

Federal Rule of Civil Procedure 15(c) governs when an amended complaint relates back to the filing date of the original complaint for purposes of the applicable statute of limitations. Rule 15(c)(1)(A) states that the law which provides the statute of limitations—Colorado law here—governs the relation-back analysis. Therefore, because Colorado law provides the statute of limitations in § 1983 claims, Colorado law governs to the extent it provides a more liberal standard; otherwise, Rule 15(c)(1)(B) and (c)(1)(C) govern. *See Butler v. Nat. Comm. Renaissance of Calif.*, 766 F.3d 1191, 1200 (9th Cir. 2014); *Thompson v. Dolgencorp, LLC*, 304 F.R.D. 641, 643 (E.D. Okla. 2015); Charles A. Wright et al., 6A Fed. Prac. & Proc. Civ. § 1503 (3d ed. 2018). Thus, the threshold inquiry is whether Colorado law is more permissive this point and thus governs in place of federal law.

Colorado law and federal law on the relation back under Rule 15 appear to be co-extensive. Colorado courts applying C.R.C.P. 15 have looked to F.R.C.P. 15 for guidance, noting that they are "substantially similar." *Makeen v. Hailey*, 381 P.3d 337, 342 (Colo. App. 2015); *Kelso v. Rickenbaugh Cadillac Co.*, 262 P.3d 1001, 1003 (Colo. App. 2011). Because Colorado does not have a more liberal standard for evaluating whether an amended complaint relates back, this court proceeds under the federal rule.

Rule 15(c)(1) provides three relevant requirements: (1) the amendment adds a party whose conduct was involved in the conduct, occurrence, or transaction originally alleged, F.R.C.P. 15(c)(1)(B); (2) the party to be added received notice of the action within the Rule 4(m) time period for service of summons and the complaint such that it would not be prejudiced F.R.C.P. 15(c)(1)(C)(i); (3) knew or should have known that the action would have been brought against it but for a mistake concerning the proper party's identity, F.R.C.P. 15(c)(1)(C)(ii).

## II. Pro Se Litigants

A court must liberally construe a pro se party's pleadings and will not dismiss his claims under Rule 12(b)(6) if the court can "reasonably read the pleadings to state a valid claim on which the plaintiff could prevail . . . despite the plaintiff's failure to cite proper legal authority, his confusion of various legal theories, his poor syntax and sentence construction, or his unfamiliarity with pleading requirements." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991); *see also Tatten v. City and Cty. of Denver*, 730 F. App'x 620, 623–24 (10th Cir. 2018) (reviewing the rule in *Hall* and its rationale). But a court may not assume that a plaintiff can prove facts that have not been alleged, or that a defendant has violated laws in ways that a plaintiff has not alleged. *See Gallagher v. Shelton*, 587 F.3d 1063, 1067 (10th Cir. 2009) ("[Court's] role is not to act as [pro se litigant's] advocate.").

# ANALYSIS

## I. Statute of Limitations and the City of Loveland

Defendants argue that Plaintiff's Amended Complaint does not relate back to the filing of the original Complaint, and therefore the claim against the City of Loveland, added as a defendant by the Amended Complaint, is barred by the statute of limitations. [#27 at 4–10]. The original

Complaint did not name the City, and the City argues the claims now alleged against it do not involve the same conduct, occurrence, or transaction originally alleged as required by F.R.C.P. 15(c)(1)(B). [*Id.* at 9] ("This allegation does not relate back because it is not part of the 'common core of operative facts' alleged in Plaintiff's original Complaint pertaining only to the incident of April 9, 2016." (citations omitted)). Further, Defendants maintain that the failure to include the City was a deliberate strategic choice, not a reasonable error or mistake under Rule 15, and thus the Amended Complaint does not relate back. [*Id.* at 7].

There is no dispute that the Amended Complaint was filed outside of the two-year statute of limitations period, and that the City of Loveland was only added as a defendant by the Amended Complaint. For the claim against the City of Loveland to survive, the Amended Complaint must relate back to the filing of the original complaint under Rule 15. It does not.

The original Complaint was narrowly focused on the events of April 9, 2016 and the alleged misconduct committed by Officers Amling, Mayers, and Newbanks. *See generally* [#1]. It does not mention any customs, policies, or procedures that underlay the alleged misconduct; it does not contain any averments to any events, people, facts, or times beyond the stop at issue. [*Id.*]. By contrast, the Amended Complaint and the newly asserted claim against the City are concerned with much broader, more systematic behavior by the City and its employees far beyond the short traffic stop on the night of April 9. The Amended Complaint substantively restates the allegations of the original complaint concerning Mr. Walker's arrest [#4 at ¶¶ 1–5, 15–65], but then goes on to assert that the events of April 9 were but one manifestation of a broader practice in the City of Loveland. The Amended Complaint alleges that the City of Loveland's training policies are deficient, that its disciplinary system does not punish constitutional violations, that it tolerates unconstitutional

levels of force, fails to investigate citizen complaints, and finally tolerates and encourages "collusive statements" by officers. [*Id.* at ¶ 67]. This is a "longstanding" deficiency of the City of Loveland. [*Id.* at ¶¶ 68–69].

To establish a municipality's liability for its employees' § 1983 violations, a plaintiff must show that the violation was "a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy." *Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658, 694 (1978). "Proof of a single incident of unconstitutional activity is not sufficient to impose liability under *Monell*, unless proof of the incident includes proof that it was caused by an existing, unconstitutional municipal policy, which policy can be attributed to a municipal policymaker." *City of Oklahoma City v. Tuttle*, 471 U.S. 808, 823–24 (1985). The single episode of Mr. Walker's arrest, however allegedly unwarranted and brutal, could not be sufficient to establish the City's liability. The Amended Complaint significantly expands the factual scope of the original Complaint beyond the single occurrence as alleged in the original complaint. *See Pernick v. Computershare Tr. Co., Inc.*, 136 F. Supp. 3d 1247, 1273 (D. Colo. 2015) ("[A]mendments generally will not relate back if they interject entirely different facts, conduct, transactions or occurrences." (citations and quotations omitted)). "The key consideration is whether the original complaint gave the Defendant adequate notice of what must be defended against in the Amended Complaint." *Id.*

Here, the addition of a claim premised on other practices by the City of Loveland simply does not relate back because it brings entirely new facts to issue and adds the City as a defendant. Nothing in the original Complaint would have given the City of Loveland adequate notice any circumstances, other than the events of April 9, were the subject of Plaintiff's action. Therefore,

this court concludes that the claim asserted against the City of Loveland is not timely under section 13-80-102(1)(i), and the City of Loveland is **DISMISSED** as a defendant.[2]

## II.   Claims under the Fourteenth Amendment

Defendants Amling and Mayers also contend that Plaintiff's claim for excessive force should not proceed pursuant to the Fourteenth Amendment. "Excessive force claims can be maintained under the Fourth, Fifth, Eighth, or Fourteenth Amendment," the choice of which implicates "very different legal test[s]." *Estate of Booker v. Gomez*, 745 F.3d 405, 418–19 (10th Cir. 2014) (quoting *Porro v. Barnes*, 624 F.3d 1322, 1325 (10th Cir.2010)). This choice depends on "where the [plaintiff] finds [herself] in the criminal justice system." *Id.* at 419. Claims for excessive force are properly brought under the Fourth Amendment to the United States Constitution, not the Fourteenth Amendment, when the force is used against an arrestee or other seized individual. *Graham v. Connor*, 490 U.S. 386, 365 (1989) ([W]e . . . hold *all* claims that law enforcement officers have used excessive force—deadly or not—in the course of an arrest, investigatory stop, or other 'seizure' of a free citizen should be analyzed under the Fourth

---

[2] Even if this court had found the claim against the City of Loveland timely, it would have alternatively concluded that the factual allegations contained in the Amended Complaint were too conclusory to survive a motion to dismiss pursuant to Rule 12(b)(6). To prevail on a failure to train and supervise claim under § 1983, a plaintiff must demonstrate an "affirmative link" between the supervisor-defendant and the constitutional violation—the supervisor's "mere knowledge" of his employee's conduct is insufficient. *Schneider v. City of Grand Junction Police Dep't,* 717 F.3d 760, 767 (10th Cir. 2013) (citing *Iqbal*, 556 U.S. at 677). Accordingly, a plaintiff must establish: (1) the defendant's personal involvement; (2) a causal connection; and (3) a culpable state of mind. *See Dodds v. Richardson*, 614 F.3d 1185, 1195 (10th Cir. 2010). "Section 1983 does not authorize liability under a theory of respondeat superior." *Brown v. Montoya*, 662 F.3d 1152, 1164 (10th Cir. 2011). Here, the Amended Complaint contains only conclusory allegations in support of a claim against the City of Loveland, and accordingly, it must be dismissed.

Amendment and its 'reasonableness' standard, rather than under a 'substantive due process' approach." (emphasis in original)).

The United States Court of Appeals for the Tenth Circuit ("Tenth Circuit") has noted that, in light of *Graham*, excessive force claims regarding the process of Plaintiff's arrest *must* be analyzed under the Fourth Amendment. *Roska ex rel. Roska v. Peterson*, 328 F.3d 1230, 1243 (10th Cir. 2003) ("Substantive due process analysis is therefore inappropriate if [Plaintiff's] claim is covered by the Fourth Amendment." (quoting *County of Sacramento v. Lewis*, 523 U.S. 833, 843 (1998)); *Williams v. Tulsa Police Dep't*, 66 F.3d 339 (10th Cir. 1995) ("[T]he district court correctly pointed out that a claim a law enforcement officer used excessive force in the course of an arrest must be analyzed under the Fourth Amendment."). The Fourth Amendment applies to "[a]ny force used leading up to and including an arrest." *Estate of Booker*, 745 F.3d at 419. Asserting an excessive force claim for arrest-related conduct on a basis other than the Fourth Amendment is "untenable." *Davis v. Hill*, 173 F. Supp. 2d 1136, 1141 & n.5 (D. Kan. 2001).

Mr. Walker's claims concern only his mistreatment during his arrest; although it is possible that he was already under arrest for some purposes—for purposes of a custodial interrogation inquiry, for example—when Officer Mayers slammed his head against the divider, the court follows Mr. Walker's lead and treats the events of April 9, 2016 as one ongoing event relating to his arrest. *See* [#4 at ¶ 80] (asserting a violation of Mr. Walker's Fourteenth Amendment rights based on his arrest and not distinguishing between the head-slam and prior conduct). Therefore, the first claim for relief in the Amended Complaint is dismissed to the extent it asserts a violation of Mr. Walker's Fourteenth Amendment rights. The Fourth Amendment claim against Officers

Amling and Mayers remains, and is subject to the Partial Answer filed on their behalf on July 20, 2018. [#26].

## CONCLUSION

For the reasons stated above in this Memorandum Opinion and Order, **IT IS ORDERED** that:

(1) The Defendants' Motion to Dismiss [#27] is **GRANTED**;

(2) All claims against the City of Loveland are **DISMISSED WITH PREJUDICE**;

(3) All claims in the Amended Complaint are **DISMISSED WITH PREJUDICE** to the extent that those claims are premised on a Fourteenth Amendment violation for excessive force in Mr. Walker's arrest; and

(4) The Final Pretrial Conference set for 9:30 AM on April 4, 2019 **REMAINS SET**.

DATED: December 12, 2018

BY THE COURT:

_____
Nina Y. Wang
United States Magistrate Judge